PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CLEMENTE DÍAZ, Defendant and Appellant.

No. 3173. Argued November 17, 1927.—Decided November 30, 1927.

*Vicente Ortiz León* and *R. Arroyo Ríos* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a prosecution and a conviction under Act No. 14 of June 25, 1924, "to prohibit the carrying of arms." Among other exceptions, section 5 of the Act provides:

"That the provisions of this Act shall not be applicable—

"\*          \*          \*          \*          \*          \*          \*

"5. To the carrying of arms within one's dwelling or estate."

The defendant maintains that he falls within the provisions of this exception.

The undisputed evidence both of the government and of the defense showed that the alleged offense took place within the farm Australia, property of Successors of José María Ortiz, and that the defendant lived within that farm; likewise that the mayordomo of the said property had constituted the defendant a watchman to cover the part of the day when the alleged offense was committed.

The government, however, alleges that, although within the said property, the offense was committed on a public road therein. The defendant bore a *machete* and the evidence tended to show that he struck a man therewith and that the alleged offense took place at 8 p. m.

The evidence of both parties left no doubt that the defendant was employed as a watchman. If he was employed as a watchman he had a right to bear a weapon under other exceptions of the law. The fact that he used the weapon illegally would make no difference. *People v. Segarra*, 36

P.R.R. 103. We need not, however, base our decision on this defense.

The evidence was clear that the alleged illegal use took place within the property Australia. Hence it became the duty of the government clearly to show that some part of that property or some road therein became public. One of the witnesses said it was a public road because the workmen traveled over it. This was either a conclusion of law or the mere opinion of the witness. It did not tend to show that Successors of José María Ortiz had parted with any part of their ownership in the property Australia. As against a private owner the public or any one else must show an adverse use. *Non constat* that Successors of José María Ortiz might have closed the road at any time.

As this was the property of the said successors any one of their agents or employees was also within his own property, as pointed out by appellant in his memorandum of authorities.

The judgment should be reversed and defendant discharged.